Nathaniel Ferguson, Jr. *versus* James Thomas.

The mortgagee of personal property, where there is no agreement, that the mortgagor shall retain the possession, may maintain replevin therefor before the expiration of the time of credit.

And these words, inserted in a mortgage of personal property : — "And I hereby give the mortgagee full power and authority to enter my premises or elsewhere, and take possession of the same property, and make sale thereof for the purpose of paying the note hereinafter mentioned, provided the same should not be paid at maturity," — do not take away the right of the mortgagee to take immediate possession of the mortgaged property.

This case came before the Court upon the following statement of facts : —

" This was an action of replevin, originally commenced before a justice of the peace, to recover a heifer, as described in the writ, dated Sept. 1, 1845. The defendant pleaded the general issue and brief statement, which may be referred to.

" It was proved, that the plaintiff on the fourth day of December, 1844, loaned twenty dollars to Rowell Marshall, who owned the heifers, and that said Marshall gave to the plaintiff his note for the same, payable in one year with interest, and at the same time executed to the plaintiff the annexed mortgage deed of two yearling heifers, to secure the payment of said note, as specified in said mortgage, which was recorded by the town clerk of Shapleigh, where the parties lived, Dec. 5, 1844; and that said heifers were delivered to the plaintiff in said Marshall's barn yard in presence of one of the witnesses to said mortgage deed, but were left in the possession of said Marshall, and continued in his possession until the 26th day of August, 1845, when the heifer replevied was attached by the defendant, as an officer, upon a writ in favor of B. F. Chadburn and Israel Chadburn, against said Marshall, for a debt due to them, upon which judgment and execu-

tion were afterwards duly recovered. At the time of said attachment said heifers were yoked, and said Marshall was using them to haul stones, and the officer removed the one he attached.

"If in the opinion of the Court the plaintiff could not maintain this action of replevin at the time it was commenced, he is to become nonsuit; otherwise judgment is to be rendered against the defendant.

"Wm. C. Allen, *Att'y for plaintiff.*

"N. D. Appleton, *Att'y for defendant.*"

The following is a copy of the mortgage deed to which reference is made in the statement : —

"Know all men by these presents, that I Rowell Marshall, of Shapleigh, in the county of York, and State of Maine, yeoman, in consideration of twenty dollars, to me paid, by Nathaniel Ferguson, jr. of said Shapleigh, yeoman, the receipt whereof I do hereby acknowledge, do hereby give, grant, sell and convey unto him, the said Nathaniel Ferguson, the following personal property, to wit: — two heifers, one year old last spring, one of which is of red color with two white stars on the forehead; the other is red color with a brownish head. The aforesaid heifers are now on my farm in Shapleigh. And I hereby give the said Ferguson full power and authority to enter my premises, or elsewhere, and take possession of the same property, and make .sale thereof for the purpose of paying the note hereinafter mentioned, provided the same should not be paid at maturity. Provided, nevertheless, that if a certain note of even date, herewith given, and signed by me, the said Rowell Marshall, for the sum of twenty dollars, payable to the said Ferguson or order, in one year, with interest from this date, shall be paid and discharged in full, then this conveyance shall be void and of no effect; otherwise shall be and remain in full force and virtue. Witness my hand and seal, this fourth day of December, A. D. 1844.

"Rowell Marshall. [L. s.]

"Signed, sealed and delivered in presence of John F. Bodwell, Elisha Bodwell, Daniel Morrison."

Ferguson *v.* Thomas.

*W. P. Haines*, for the plaintiff, contended, that the suit was not prematurely brought.

The right of possession follows the deed, unless there is a clear provision to the contrary. There is nothing in this bill of sale to take the case out of the general rule. The provision in the mortgage deed, that the plaintiff may take possession and sell the property, is a mere stipulation for the benefit of the mortgagee, and cannot impair his right to immediate possession. The officer has no right to remove the property because an equity of redemption remains in the mortgagor, without first paying or tendering the amount due on the mortgage. *Paul* v. *Hayford*, 22 Maine R. 234; *Melody* v. *Chandler*, 3 Fairf. 282; *Pickard* v. *Low*, 15 Maine R. 48.

*Appleton*, for the defendant, said that the plaintiff had no right to the possession of the property at the time this action of replevin was commenced; and therefore the action cannot be maintained. 3 Greenl. 183; 3 Pick. 255; 15 Pick. 68; 15 Maine R. 48 and 373.

By any fair construction of the language, the meaning is this. If the note is not paid at maturity, the mortgagee may then enter and take possession of the property and make sale thereof, and has no right to intermeddle until then. And the acts of the parties were in accordance with this view. 15 Maine R. 48; 2 N. H. Rep. 453; 7 Metc. 373.

The plaintiff, by taking the deed, is bound by the recitals contained in it. 9 Mass. R. 482; 8 Pick. 392.

The opinion of the Court was drawn up by

Whitman C. J. — No other question seems to be intended to be raised by the agreed statement of facts than, whether the plaintiff had a right, at the time he sued out his writ of replevin, to possess himself of the heifer; and this depends upon the construction to be put upon the clause in the mortgage, introduced by him, constituting a part of the description of the condition upon which it was made, which is in these words, " and I hereby give the said Ferguson full power and authority to enter my premises, or elsewhere, and take posses-

sion of the same property, and make sale thereof for the purpose of paying the note hereafter mentioned, provided the same should not be paid at maturity." The note, at the time of suing out the writ of replevin, had not become payable; and the argument is, that, therefore, the plaintiff had not, then, a right to possess himself of the property mortgaged. The terms descriptive of the conveyance, in the preceding part of the mortgage, are as if an absolute sale were intended; and being recorded, as provided by statute, it has been held to be unnecessary to prove an actual delivery of the property mortgaged in order to render it effectual. Unless the above recited clause would restrict the right of the plaintiff to do so, he might possess himself of the heifer at his pleasure. In *Ingraham* v. *Martin*, 15 Maine R. 373, it was so held; but that, if otherwise agreed by the parties, the case would be different. The question is, had the plaintiff, in the case at bar, otherwise agreed. The deed to the plaintiff speaks the language of the mortgagor. It does not, in express terms, reserve the right of possession till the note shall have become payable. The first part of the deed, by itself, and without the condition, would give an immediate right of possession; and the clause recited does not negative such right in express terms. It seems rather to be an enabling provision, in furtherance of the security intended for the benefit of the plaintiff. If the note, when due, should not be paid, the plaintiff is thereby authorized to take and sell the heifer to pay the debt. Aside from such a provision he would not be justifiable in so doing until sixty days after the breach of the condition. The plaintiff cites and relies upon the case of *Melody* v. *Chandler*, 3 Fairf. 282, as an authority in his favor. And it would seem, if the plaintiff in that case could be allowed to prevail, that the plaintiff in this should also. In that case it appears, that the agreement was express, on the part of the plaintiff, a mortgagee, that the mortgagor "should retain the possession of the goods, make sale of them in the regular course of his business, render an account of sale, and appropriate the proceeds to the

payment of the mortgage debt." In the case at bar there was certainly, on the part of the plaintiff, no express agreement. At most it is by implication only, if at all. But we think it can hardly be considered as amounting even to that, on the part of the plaintiff; but rather that it should be taken to be an enabling provision, authorizing him to enforce payment sooner than otherwise, under the statute, would have been lawful. As, by the previous terms of the mortgage, the plaintiff would have had a right to take possession at any time, by the terms in the condition he was empowered to take possession at a particular time for a particular purpose, viz. to sell the property and pay his debt.

*Defendant defaulted.*